UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAVID JOHNSON,

              Plaintiff,

                                         MEMORANDUM & ORDER
      -against-                           15-CV-3654(JS)(ARL)

SHERIFF MICHAEL SPOSATO, NASSAU
COUNTY SHERIFF DEPT., ARMOR CORR.
HEALTH SERVICES, NASSAU COUNTY,
and DR. CARL SANCHEZ,

              Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:        David Johnson, pro se
                       60 East 93rd Street, Apt. B-301
                       Brooklyn, NY 11212

For Defendants:       No appearances.

SEYBERT, District Judge:

On June 22, 2015, then-incarcerated pro se plaintiff David Johnson ("Plaintiff") filed an in forma pauperis Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Sheriff Michael Sposato ("Sposato"), the Nassau County Sheriff Department ("NCSD"), Armor Corr. Health Services ("Armor"), Nassau County, and Dr. Carl Sanchez ("Dr. Sanchez" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

However, for the reasons that follow, the Complaint is <u>sua sponte</u> DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) for failure to state a claim for relief.

<u>BACKGROUND</u>[1]

Plaintiff's sparse handwritten Complaint, submitted on a Section 1983 complaint form, alleges, in its entirety:

> On or about the 28th day of March 2015, at approximately 11:15 A.M. while incarcerated at the Nassau County Correctional Center, in E1-G-36 cell, after having a fight and then placed in hand cuffs and taken to my above respected cell, one of the officers who escorted me to my cell after taking off my hand cuffs slammed my hand in the feeding spot causing me to sustain a right hand thumb fracture. After my hand started to swell a great deal I requested to be taken to medical to see a doctor based on the extreme swelling and pain I was having in my fractured thumb. After being taken to the Armor Medical Department here at the Nassau County Jail, I was completely denied proper adequate, effective medical treatment and care. Instead of providing me with any kind of medication for pain or x-ray to determine the severity of my injury, I was just given a motrin and returned back to my cell.[2]

(Compl. ¶ IV.) Plaintiff alleges that, on April 16, 2015, his thumb was x-rayed and revealed a fracture. (Compl. at 5.) Plaintiff claims that he was first seen by an orthopedist (Dr.

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

[2] Plaintiff's allegations have been reproduced here exactly as they appear in the Complaint. Errors in spelling, punctuation, and grammar have not been corrected or noted.

Dennis) on May 20, 2015, who advised Plaintiff that he would need surgery and put a cast on Plaintiff's hand. (Compl. at 5.) For relief, Plaintiff seeks to recover a monetary award in total sum of $20 million for inter alia "pain and suffering, mental stress and depression, cruel and unusual punishment and medical negligents." (Compl. ¶ V.)

DISCUSSION

## I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

## II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197,

3

200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

> Section 1983 provides that
>
>> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501–02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the

challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). ("[Plaintiff's] claims against [Defendant] failed as a matter of law because [Plaintiff] failed to allege sufficient personal

5

involvement on [Defendant's] part to make him liable under § 1983.")  See, e.g., Hemmings v. Gorczyk, 134 F.3d 104, 109 n.4 (2d Cir. 1998).  With these standards in mind, the Court considers Plaintiff's claims against the Defendants.

A.    Claims Against Sheriff Sposato and Dr. Sanchez

As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation.  See supra at 5-6; Rivera, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)) aff'd, 368 F. App'x 161 (2d Cir. 2010)).  A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983.  Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate personal involvement by Sheriff Sposato or Dr. Sanchez regarding the events alleged in the Complaint and it appears that Plaintiff seeks to impose liability against Sheriff Sposato based solely on the supervisory position he holds.  Indeed, apart from the caption, neither Sheriff Sposato nor Dr. Sanchez are mentioned in the Complaint.  (See generally,

6

Compl.) Wholly absent, however, are any allegations sufficient to establish any personal involvement by Sheriff Sposato or Dr. Sanchez in the unlawful conduct of which Plaintiff complains. Accordingly, Plaintiff's claims against Sheriff Sposato and Dr. Sanchez are not plausible and are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B.    Claims Against the NCSD

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted); Melendez v. Nassau Cnty., 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing the claims against the NCSD because it lacks the capacity to be sued).  Thus, Plaintiff's claim against the NCSD is not plausible because it has no legal identity separate and apart from Nassau County.  Accordingly, this claim is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b).

C.    Claim Against Nassau County

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory.  See Monell v. Dep't of Soc. Servcs. of N.Y. City, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).  To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury."  Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, ---, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91.  "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  Monell, 436 U.S. at 690-91.

A plaintiff can ultimately establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy

8

making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, Plaintiff's Complaint does not allege a plausible Section 1983 claim against Nassau County and is thus DISMISSED WITHOUT PREJUDICE as against Nassau County pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b).

D.   Claim Against Armor

Armor Correctional Health, Inc. is "a private company contracted to perform medical services for inmates at the Nassau County Correctional Center." See Gaines v. Armor Health Care, Inc., No. 12-CV-4666, 2012 WL 5438931, at *3 (E.D.N.Y. 2012) (citing Briel v. Sposato, No. 12-CV-2868, 2012 WL 3697806, at *5 (E.D.N.Y. Aug. 21, 2012)). It is well-established that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." Filarsky v. Delia, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012) (citation omitted). Thus, a private employer acting under color of state law may be held liable under Section 1983 for the acts of its employees where

the unconstitutional act was authorized or undertaken pursuant to
the official policy of the private entity employer and the employer
was jointly engaged with state officials or its conduct is
chargeable to the state. Rojas v. Alexander's Dep't Store, Inc.,
924 F.2d 406, 408-09 (2d Cir. 1990); Dilworth v. Goldberg, 914 F.
Supp. 2d 433, 452 (S.D.N.Y. 2012); Mejia v. City of New York, 119
F. Supp. 2d 232, 275 (E.D.N.Y. 2000) (collecting cases).

Here, as is readily apparent, Plaintiff has not alleged
any facts to support a plausible Section 1983 claim against Armor.
Wholly absent are any allegations sufficient for the Court to
construe that Plaintiff's constitutional rights were violated
pursuant to some policy, practice, or custom of Armor as is
required by Monell and its progeny. Accordingly, Plaintiff's claim
against Armor is sua sponte DISMISSED WITHOUT PREJUDICE for failure
to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and
1915A(b)(1).

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se
Complaint should not be dismissed without leave to amend unless
amendment would be futile, Ashmore v. Prus, 510 F. App'x 47, 49 (2d
Cir. 2013) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.
2000)), the Court has carefully considered whether leave to amend
is warranted here. Upon such consideration, the Court finds that
since the deficiency noted above with regard to Plaintiff's claim

10

against the NCSD is substantive in nature and would not be remedied if Plaintiff were afforded an opportunity to amend his Complaint, leave to amend the Complaint as against the NCSD is DENIED. However, Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT as against the remaining Defendants in accordance with this Order. **Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 15-CV-3654(JS)(ARL).** Plaintiff is cautioned that an Amended Complaint completely replaces the original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in the Amended Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the NCSD for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Complaint is sua sponte DISMISSED WITHOUT PREJUDICE as against the remaining Defendants for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and **WITH LEAVE TO FILE AN AMENDED COMPLAINT. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 15-CV-3654(JS)(ARL).**

11

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the <u>pro</u> <u>se</u> Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October __27__, 2015
       Central Islip, New York